1  Kavon Adli, California State Bar No. 203040
2  Seth W. Wiener, California State Bar No. 203747
   THE INTERNET LAW GROUP
3  9100 Wilshire Boulevard, Suite 725 E
4  Beverly Hills, California 90212
   Telephone Number: (310) 910-1496
5  Facsimile Number: (310) 356-3257
6
7  Attorneys for Specially-Appearing Defendant
   IMPULSE REPAIR LLC
8
9                  UNITED STATES DISTRICT COURT

10                CENTRAL DISTRICT OF CALIFORNIA

11
12  MARY-LISA GUILLAUME, an              Case No.: 2:21-cv-06067 RGK (RAOx)
    individual;
13  ROBERT LAICH, an individual;         **MEMORANDUM OF POINTS AND**
14  RYAN ARTOLACHIPE, an individual;     **AUTHORITIES IN SUPPORT OF**
    BRYCE MACCHARLES, an individual;     **MOTION TO DISMISS COMPLAINT**
15  GRACIELA SAENZ, an individual;
16  SARAH SMITH, an individual;          Date:    September 7, 2021
    JADE WALLIS, an individual;          Time:    9:00 a.m.
17                                       Judge:   R. Gary Klausner
18              Plaintiffs,              Ctrm.:   850
19  vs.
20
21  IMPULSE REPAIR LLC, a Utah limited
    liability company; and DOES 1-100,
22  inclusive;
23
               Defendants.
24
25
26
27
28

# **TABLE OF CONTENTS**

**PAGE**

I.   INTRODUCTION ……………………………………………………1

II.  THE ALLEGATIONS IN PLAINTIFF'S COMPLAINT …………………1
     A.   Parties ……………………………………………………………1
     B.   The Emails at Issue ………………………………………………1
     C.   The First Cause of Action for Violation of Section 17529.5 ………………2

III. BACKGROUND ………………………………………..……………2

IV.  ARGUMENT ………………………………………………………3

     A.   The Court Lacks Personal Jurisdiction Over Impulse Repair LLC…………3
          1.   Standard on Motion to Dismiss for Lack of Personal Jurisdiction …..3
          2.   Impulse Repair LLC Is Not Subject to General Jurisdiction in California ……………………………………………………5
          3.   Impulse Repair LLC Is Not Subject to Specific Jurisdiction in California ……………………………………………………5
               a.   Impulse Repair LLC Did Not Purposefully Direct Activities toward California …………………….………………5
               b.   Impulse Repair LLC Did Not Engage in Any Forum-Related Activities ……………………………………………7
               c.   The Exercise of Jurisdiction Over Impulse Repair LLC Would Be Unreasonable …………..………………………7

     B.   The Complaint Does Not State a Claim Against Impulse Repair LLC Upon Which Relief Can Be Granted ……………….……………………...8
          1.   Standard on Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) …………………………………………8
          2.   Business & Professions Code Section 17529.5 ………………………8
          3.   Plaintiffs' Claim for Violation of Section 17529.5 Is Not Pled with the Requisite Particularity …………………………………9
          4.   The Federal CAN-SPAM Act Preempts Plaintiffs' Claim for Violation of Section 17529.5 …………………………………11

V.   CONCLUSION …………………………………………………..13

# TABLE OF AUTHORITIES

**PAGE**

## CASES

*Angelini Metal Works Co. v. Hubbard Minor Doors, Inc.*,
2016 U.S. Dist. LEXIS 184768 (C.D. Cal. Jan. 5, 2016) ……………………………………..5

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ……………………………………………..8

*Asis Internet Servs. v. Consumerbargaingiveaways, LLC*,
622 F. Supp. 2d 935, 945 (N.D. Cal. 2009) ……………………………………………9

*Asis Internet Servs. v. Optin Global, Inc.*, 2006 U.S. Dist. LEXIS 46309
(N.D. Cal. June 30, 2006)……………………………………………………………………9

*Asis Internet Servs. v. Subscriberbase Inc.*, 2009 U.S. Dist. LEXIS 112852
(N.D. Cal. Dec. 4, 2009) ……………………………………………………………………9

*Athena Cosmetics v. United States Warehouse,* 2020 U.S. Dist. LEXIS 73797
(C.D. Cal. Mar. 5, 2020) ……………………………………………………………………5

*Balistreri v. Pacifica Police Department*, 901 F.2d 696 (9th Cir. 1990) …………………8

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) …………………………………8

*Blanchard v. Fluent, Inc.,* 2017 U.S. Dist. LEXIS 155535,
(N.D. Cal. Sept. 22, 2017) ……………………………………………………………………9

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) …………………………………4

*Calder v. Jones*, 465 U.S. 783 (1984) …………………………………………………5

*Daimler AG v. Bauman*, 571 U.S. 117 (2014) …………………………………………3

*Dole Food Co. v. Watts*, 303 F.3d 1104 (9th Cir. 2002) …………………………………5

*Durward v. One Technologies, LLC*, 2019 U.S. Dist. LEXIS 174012
(C.D. Cal. Oct. 3, 2019) ……………………………………………………………………6

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011) ………………3

*Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1061 (9th Cir. 2009) ………………12, 13

*Hartmann v. California Department of Corrections and Rehabilitation*,
707 F.3d 1114 (9th Cir. 2013) ……………………………………………………8

*Hypertouch, Inc. v. Azoogle.com, Inc.*, 2009 U.S. Dist. LEXIS 25999
(N.D. Cal. Mar. 19, 2009) …………………………………………………………9

*Hypertouch, Inc. v. Azoogle.com, Inc.*, 386 Fed. Appx. 701 (9th Cir. 2010) ………...…10

*Hypertouch, Inc. v. ValueClick, Inc.*, 192 Cal. App. 4th 805 (2011) ……………………11

*International Shoe Co. v. Washington*, 326 U.S. 310 (1945) ………………………….3

*Kleffman v. Vonage Holdings Corp.*, 49 Cal. 4th 333 (2010) ………………………10, 12

*Learjet, Inc. v. Oneok, Inc.*, 715 F.3d 716 (9th Cir. 2013) ………………………………3

*Martinez v. Aero Caribbean*, 764 F.3d 1062 (9th Cir. 2014) ……………………………3

*Menichiello v. Ascend Funding LLC,* 2017 U.S. Dist. LEXIS 142554
(C.D. Cal. Aug. 28, 2017) ……………………………………………………..7, 8

*Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267 (9th Cir. 1995) ………………4

*Rosolowski v. Guthy-Renker LLC*, 230 Cal. App. 4th 1403, 1412 (2014) …………..11, 12

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2002) ………………4

*Sher v. Johnson*, 911 F.2d 1357 (9th Cir. 1990) …………………………………………4

*Silverstein v. Experienced Internet.com, Inc.*, 2005 U.S. Dist. LEXIS 50499
(N.D. Cal. July 11, 2005) …………………………………………………………7

*Silverstein v. Keynetics Inc.*, 192 F. Supp. 3d 1045, 1048-1049 (N.D. Cal. 2016) ……..13

*Sloan v. GM LLC*, 2019 U.S. Dist. LEXIS 210191 (N.D. Cal. Dec. 5, 2019) ……………5

*Zoobuh, Inc. v. Williams*, 2014 U.S. Dist. LEXIS 175737 (D. Utah Dec. 18, 2014) ….....6

## STATUTES

Fed. R. Civ. Proc. 12 …………………………………………………………..8

15 U.S.C. § 7701 ………………………………………………………...11, 12

15 U.S.C. § 7707 …………………………………………………………..12

Cal. Bus. and Prof. Code § 17529.5 …………………………………...*Passim*

## TREATISES

5 C. Wright & A. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) ………...8

## I.   <u>INTRODUCTION</u>

Plaintiffs Mary-Lisa Guillaume, Robert Laich, Ran Artolachipe, Bryce MacCharles, Graciela Saenz, Sarah Smith and Jade Wallis (collectively, "Plaintiffs") have filed the instant lawsuit complaining of alleged unsolicited commercial e-mails that Plaintiffs claim to have received from Specially-Appearing Defendant Impulse Repair LLC. The Complaint alleges a single cause of action against Impulse for Violation of California Business & Professions Code § 17529.5 (hereafter, "Section 17529.5"), which makes it unlawful for a person or entity to advertise in a commercial e-mail under certain circumstances.  The Complaint should be dismissed be dismissed because Impulse Repair LLC is not subject to personal jurisdiction in California. Further, the Complaint fails to satisfy the particularity requirement for pleading alleged violations of Section 17529.5 as it does not provide any details regarding the content of the allegedly illegal e-mails. Also, Plaintiffs' claim for violation of Section 17529.5 is preempted by the Controlling the Assault of Non–Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM Act"). Based on the foregoing, the Complaint should be dismissed.

## II.   <u>THE ALLEGATIONS IN PLAINTIFF'S COMPLAINT</u>

### A.   <u>Parties</u>

All of the Plaintiffs are individuals resident in California.  Complaint ¶¶ 15-21.

"Defendant Impulse Repair LLC, is a limited liability company with its principal place of business at 255 W 400 N Huntington, UR, 84258." Complaint ¶ 23.

### B.   <u>The Emails at Issue</u>

"Plaintiffs received *at least* two-hundred-eleven (211) spams advertising Defendant's websites at Plaintiffs' California e-mail address." Complaint ¶ 42. "The e-mails at issue are 'commercial e-mail advertisements' because they advertise credit score protection, review, and increase, provided by Defendant at the website creditmonitor4u.com. The spams were initiated for the purpose of advertising and promoting Defendant's credit report subscription products or services." Complaint ¶ 43. "The e-mails are 'unsolicited commercial e-mail advertisements' because Plaintiffs never

gave 'direct consent' to Defendant, or any of its affiliates to send commercial e-mails." Complaint ¶ 44.

### C.   The First Cause of Action for Violation of Section 17529.5

The Complaint's First Cause of Action for Violations of California Restrictions on Unsolicited Commercial E-mail, California Business & Professions Code 17529.5, alleges that: "Defendant advertised in, sent, assisted others in sending, conspired to send, contracted with others to send, and/or otherwise caused to be sent *at least* two-hundred-eleven (211) unsolicited commercial e-mail advertisements to Plaintiff's California electronic mail addresses that had materially falsified, forged and/or misrepresented information contained in or accompanying the e-mail headers, and third-party domain names without the permission of the third party, in violation of Bus. & Prof. Code § 17529.5." Complaint ¶ 100.

Plaintiffs pray for "Liquidated damages of $211,000 against Defendant in the amount of $1,000 per each of the two-hundred-eleven (211) unlawful spam e-mail, as authorized by Bus. & Prof. Code § 17529.S(b)(l)(B)(ii) and "Reasonable attorneys' fees and costs as authorized by Bus. & Prof. Code § 17529.S(b)(l)(C)." Complaint, Prayer for Relief.

## III.   BACKGROUND

Impulse Repair LLC is organized under the laws of the State of Utah, and its sole principal place of business is in the State of Utah. Declaration of Jennifer Grahn, ¶ 2.

Impulse Repair LLC does not: (1) have a license or registration to transact business in California; (2) have any members resident in California; (3) employ anyone in California; (4) own property or assets in California; (5) have an office in California; (6) pay income taxes in California; or (7) maintain a bank account in California. *Id*. ¶ 3.

Impulse Repair LLC reviewed the *211* emails at issue in this case.  *Id*. ¶ 4. The emails were sent by third party publishers. *Id. ¶* 5. These publishers send emails advertising multiple companies, and not just Impulse Repair LLC. *Id.*  The publishers

1   control all aspects of transmitting the emails and make fundamental decisions concerning
2   the emails themselves, including choosing each email's recipient. *Id.*

3         Impulse Repair LLC does not decide the recipients of the emails that publishers
4   send. *Id*. ¶ 6. Impulse Repair LLC does not know, does not direct, and has no control
5   over, where the emails are sent. *Id*.

6         With respect to the emails at issue in this action, Impulse Repair LLC had no
7   information as to where the emails were sent, or in what states email recipients resided in,
8   other than as identified in the operative complaint and documents provided by opposing
9   counsel after this action was filed. *Id*. ¶ 7.

10  **IV.   ARGUMENT**

11        **A.   The Court Lacks Personal Jurisdiction Over Impulse Repair LLC**

12              **1.   Standard on Motion to Dismiss for Lack of Personal Jurisdiction**

13        The Due Process Clause of the Fourteenth Amendment "limits the power of a
14  state's courts to exercise jurisdiction over defendants who do not consent to jurisdiction."
15  *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014). Due process requires
16  that the defendant "have certain minimum contacts with it such that the maintenance of
17  the suit does not offend traditional notions of fair play and substantial justice."
18  *International Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945) (quotations omitted).
19  Under the "minimum contacts" analysis, a court can exercise either "general or all-
20  purpose jurisdiction," or "specific or conduct-linked jurisdiction." *Daimler AG v.*
21  *Bauman*, 571 U.S. 117, 122 (2014) (*citing Goodyear Dunlop Tires Operations, S.A. v.*
22  *Brown*, 564 U.S. 915, 919 (2011)); *see also International Shoe*, 326 U.S. at 316-320.
23  Under general jurisdiction, a nonresident defendant may be subject to suit even on
24  matters unrelated to its contacts with the forum. *Daimler*, 571 U.S. at 131. To establish
25  general jurisdiction, the plaintiff must demonstrate that the defendant has continuous and
26  systematic contacts sufficient to approximate physical presence in the state. *Learjet, Inc.*
27  *v. Oneok, Inc.*, 715 F.3d 716, 741 (9th Cir. 2013). If the defendant is a foreign company,
28  the plaintiff must establish that the defendant has "affiliations so continuous and

systematic as to render [it] essentially at home in the forum State, … i.e., comparable to a domestic enterprise in that State. *Daimler*, 571 U.S. at 133, fn. 11 (citation omitted). The paradigm for for the exercise of general jurisdiction over a corporation are the place of incorporation and the principal place of business, and only in an "exceptional case" will general jurisdiction be available elsewhere. *Id*. at 139 and fn. 19.

Where a party is not subject to general jurisdiction, due process requires that a defendant have "certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe*, 326 U.S. at 316 (internal quotations omitted). The Ninth Circuit uses a three-part test to analyze whether a party's 'minimum contacts' comport with the doctrine articulated in *International Shoe*:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2002). "The plaintiff bears the burden of satisfying the first two prongs of the test." *Id.* (*citing Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). If the plaintiff meets its burden on the first two prongs, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (*quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-478 (1985)). If any of the three factors are not met, "jurisdiction in the forum would deprive the defendant of due process of law." *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995).

## 2. Impulse Repair LLC Is Not Subject to General Jurisdiction in California

Impulse Repair LLC is not subject to general jurisdiction in California as it was not organized under California law, does not have a place of business in California, and does not have continuous and systematic contacts with California. *See, e.g., Athena Cosmetics v. United States Warehouse,* 2020 U.S. Dist. LEXIS 73797, *14 (C.D. Cal. Mar. 5, 2020) (holding that an Arizona limited liability company with its principal business of business in Arizona was not subject to general jurisdiction in California); *Sloan v. GM LLC*, 2019 U.S. Dist. LEXIS 210191, *15-16 (N.D. Cal. Dec. 5, 2019) (court did not have general jurisdiction over a Delaware limited liability company with its principal place of business in Michigan); *Angelini Metal Works Co. v. Hubbard Minor Doors, Inc.*, 2016 U.S. Dist. LEXIS 184768, *7-8 (C.D. Cal. Jan. 5, 2016) (finding no general jurisdiction over a limited liability company organized and existing under the laws of the state of Texas with its principal place of business in Texas).

## 3. Impulse Repair LLC Is Not Subject to Specific Jurisdiction in California

### a. Impulse Repair LLC Did Not Purposefully Direct Activities toward California

Under the first prong of the specific jurisdiction test, purposeful direction is analyzed under the three-part test derived from *Calder v. Jones*, 465 U.S. 783 (1984): "that the defendant allegedly ha[s] (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002).

Impulse Repair LLC did not purposefully direct any conduct toward California as it did not send the alleged emails to Plaintiffs, and hence is not subject to specific jurisdiction in California. Rather, the emails at issue were sent by third party publishers, and Impulse Repair LLC had no involvement with, or control over, the delivery of the emails.

In *Durward v. One Technologies, LLC*, 2019 U.S. Dist. LEXIS 174012 (C.D. Cal. Oct. 3, 2019), the plaintiff brought a lawsuit for violation of Section 17529.5 against a Delaware limited liability company, and alleged that the defendant or its agents had sent at least 90 unsolicited commercial emails.  The defendant moved to dismiss the lawsuit for lack of personal jurisdiction, and adduced evidence showing that the emails were sent by third-party publishers and not by the defendant.  The Court found that the "emails sent by third-party marketing publishers could not be attributed to the defendant for purposes of establishing purposeful availment for specific personal jurisdiction." *Id*. at *13. OneTech has provided a Declaration from its Compliance Manager explaining … that "publishers control all aspects of transmitting the emails and make fundamental decisions concerning the emails themselves, including choosing each email's recipient." *Id.*, at *11. The Declaration further stated: "One Technologies also does not decide the recipients of the emails that publishers send. One Technologies does not know, does not direct, and has no control over, where the emails are sent, other than to prohibit publishers from sending email advertisements to email addresses associated with recipients who have requested to 'opt-out' of receiving emails advertising One Technologies. One Technologies would not be able to identify the location of any given email recipient because, unlike phone number area codes, email addresses are not connected to any particular geographic location." *Id*. at *11-*12.

In *Zoobuh, Inc. v. Williams*, 2014 U.S. Dist. LEXIS 175737, *1-*2 (D. Utah Dec. 18, 2014), the plaintiff, Zoobuh, which provided email, blog, and chat services, sued the defendant, Thrive, a digital marketing company that contracted with third-party publishers to send advertising emails. Zoobuh alleged that Thrive, either directly or through third-party publishers, sent tens of thousands of marketing emails to Zoobuh customers. *Id.* at *2-*3. Thrive responded with a declaration stating that the emails at issue were sent by the third-party publishers with whom Thrive had contracted, and that Thrive had "no involvement with, or control over, the origination, approval, or delivery

of the emails." *Id.* at *3. The court in that case found that the emails directed into the forum state did not provide a basis for specific personal jurisdiction, explaining:

> Based upon the evidence presented, the Court cannot find that Defendant Thrive directly took any actions that are the subject of this litigation. Instead, Defendant used third parties who sent the emails of which Plaintiff complains. Plaintiff seeks to impute the actions of these third-party publishers, arguing that they are Defendant's agents or representatives. However, there is no evidence upon which the Court could find an agency relationship.

*Id.* at *13.

Similarly, in *Silverstein v. Experienced Internet.com, Inc.*, 2005 U.S. Dist. LEXIS 50499, *9 (N.D. Cal. July 11, 2005), the Court found that dismissal of a claim for Section 17529.5 was "warranted because Plaintiff has not made a sufficient showing that Defendants had 'continuous and systematic' or 'substantial' activity in California so as to warrant an exercise of general jurisdiction, nor that Defendants caused any commercial emails to be sent to California such as might warrant an exercise of specific jurisdiction."

Based on the foregoing authorities, Impulse Repair LLC did not purposefully avail itself of California law as it did not send the emails at issue.

### b.  <u>Impulse Repair LLC Did Not Engage in Any Forum-Related Activities</u>

Plaintiffs are unable to satisfy the second prong of the specific jurisdiction test because Impulse Repair LLC did not engage in any forum-related activities. *Menichiello v. Ascend Funding LLC,* 2017 U.S. Dist. LEXIS 142554, at *9 (C.D. Cal. Aug. 28, 2017) (finding there was no forum-related contacts by the defendant where it was a third-party—not the defendant—that reached out and established contacts with California).

### c.  <u>The Exercise of Jurisdiction Over Impulse Repair LLC Would Be Unreasonable</u>

The exercise of specific jurisdiction over Impulse Repair LLC would be unreasonable in this circumstance as "it has no presence in California" and Plaintiffs have not shown that Impulse Repair LLC purposefully injected itself into the affairs of Californians. *See Menichiello, supra,* 2017 U.S. Dist. LEXIS 142554, at *10-*11.

**B.      The Complaint Does Not State a Claim Against Impulse Repair LLC Upon Which  Relief Can Be Granted**

      **1.      Standard on Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits this Court to dismiss Plaintiffs' claim for Violation of Business & Professions Code § 17529.5 for failure to state a claim upon which relief can be granted. Dismissal may be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Hartmann v. California Department of Corrections and Rehabilitation*, 707 F.3d 1114, 1122 (9th Cir. 2013) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–36 (3d ed. 2004)).

      **2.      Business & Professions Code Section 17529.5**

Plaintiffs sue under Business & Professions Code § 17529.5(a)(2) and (3), which provide: It is unlawful for any person or entity to advertise in a commercial e-mail advertisement either sent from California or sent to a California electronic mail address under any of the following circumstances: … (2) The e-mail advertisement contains or is accompanied by falsified, misrepresented, or forged header information. … (3) The e-mail advertisement has a subject line that a person knows would be likely to mislead a

recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message." Cal. Bus. & Prof. Code § 17529.5(a)(2), (3).

### 3.   Plaintiffs' Claim for Violation of Section 17529.5 Is Not Pled with the Requisite Particularity

Plaintiffs' claim for violation of Section 17529.5 must be dismissed, because it is not pled with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

California district courts have consistently held that claims for violation of Section 17529.5 sound in fraud, and that the contents of the emails allegedly violating the statute must be pled with particularity. *See, e.g., Blanchard v. Fluent, Inc.,* 2017 U.S. Dist. LEXIS 155535, at *12 (N.D. Cal. Sept. 22, 2017) ("plaintiffs' § 17529.5 claim … is 'grounded in fraud'" and "plaintiffs are required to plead their claim … with the particularity required by Rule (9)(b), which they have failed to do."); *Asis Internet Servs. v. Optin Global, Inc.*, 2006 U.S. Dist. LEXIS 46309, at *14 (N.D. Cal. June 30, 2006) (holding that claims brought under Section 17529.5 must be pled with particularity, including "the contents of the emails themselves, including their headers and subject line information …"); *Asis Internet Servs. v. Subscriberbase Inc*., 2009 U.S. Dist. LEXIS 112852, *9-*13 (N.D. Cal. Dec. 4, 2009) (holding that "plaintiffs must plead their claim for violations of section 17529.5 with particularity" and "at the very least, submit an appendix that contains each subject line, the total number of emails that bore it, and specific information about each email that bore it, including the sender, the date it was sent, and the landing site to which the email directs the recipient"); *Asis Internet Servs. v. Consumerbargaingiveaways, LLC*, 622 F. Supp. 2d 935, 945 (N.D. Cal. 2009) (finding that a complaint for violation of Section 17529.5 was not pled with the requisite particularity as "it provides only general allegations and a few examples of the allegedly misleading emails"); *Hypertouch, Inc. v. Azoogle.com, Inc*., 2009 U.S. Dist. LEXIS 25999, *3 (N.D. Cal. Mar. 19, 2009) (dismissing a claim for violation of Section 17529.5 because it was not pled with the requisite particularity).

The pleading deficiencies with the Complaint are as follows.

First, the Complaint does not identify the specific dates that any of the allegedly illegal emails were sent by Defendant or received by Plaintiffs. This information is in Plaintiffs' possession, since the Complaint alleges that "Plaintiffs received the spam e-mails within one year prior to filing this Complaint." Complaint ¶ 99.  A plaintiff seeking statutory damages under § 17529.5 must file a complaint asserting a cause of action under the statute within a year of receipt of any e-mail alleged to violate the statute.  *See Hypertouch, Inc. v. Azoogle.com, Inc*., 386 Fed. Appx. 701, 702 (9th Cir. 2010).   In the Complaint, Plaintiffs seeks statutory damages of $1,000 per e-mail, for each of the 211 emails at issue.  Yet, absent from the Complaint is a single allegation of the specific dates on which Plaintiffs supposedly received the e-mails at issue.  Without such specific allegations, Plaintiffs are simply not entitled to seek statutory damages under Section 17529.5, the only damages they seek, and their cause of action should be dismissed, as it is barred by the applicable one-year statute of limitations.

Second, Plaintiff's allegation that the emails were false because they contained "a genetic From Name" (Complaint ¶ 55) is contrary to established case law assessing the validity of claims asserted under Section 17529.5(a)(2).  According to the California Supreme Court, an e-mail that uses a domain name that "does not identify the sender, the merchant-advertiser, or any other person or entity simply does not make any 'representation' regarding the e-mail's source, either express or implied … so it cannot be said to constitute 'misrepresented' information" under the statute.  *See Kleffman v. Vonage Holdings Corp.*, 49 Cal. 4th 333, 345 (2010). Therefore, the Complaint fails to sufficiently allege a cause of action under Section 17529.5(a)(2) merely by alleging that the "From Names" of the e-mails at issue are generic.

Third, the Complaint does not plead any facts supporting the allegation that the emails' "Subject Lines contain false and misrepresented information." Complaint ¶ 34. For example, the Subject Line "Your 2020 transunion, Equifax and experian credit-scores" is not false on its face, and accurately "advertise[s] credit score protection,

review, and increased, provide by Defendant at the website creditormonitor4u.com." Complaint ¶ 43.  Moreover, Plaintiffs have failed to allege the content of the body of each of the e-mails at issue, which would be necessary for the Court to evaluate whether the Subject Lines of the emails were misleading relative to the content of the emails. *See Rosolowski v. Guthy-Renker LLC*, 230 Cal. App. 4th 1403, 1414-1415 (2014).

Fourth, and finally, Plaintiffs has failed to attach the alleged emails to the Complaint, nor have Plaintiffs provided an appendix of the emails.

Based on the foregoing pleading deficiencies, the Complaint is fatally uncertain, and fails to state a claim against Impulse Repair LLC for violation of Section 17529.5.

### 4.     The Federal CAN-SPAM Act Preempts Plaintiffs' Claim for Violation of Section 17529.5

Plaintiffs' claim for violation of Section 17529.5 is subject to dismissal, because it is preempted by the Controlling the Assault of Non–Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM Act"), 15 U.S.C. §§ 7701, *et seq.*

Congress enacted the CAN–SPAM Act "in response to mounting concerns associated with the rapid growth of spam e-mail." *Hypertouch*, *Inc. v. ValueClick, Inc.*, 192 Cal. App. 4th 805, 823 (2011) (citation omitted). "The Act does not ban spam outright, but rather provides a code of conduct to regulate commercial e-mail messaging practices. Stated in general terms, the CAN-SPAM Act prohibits such practices as transmitting messages with 'deceptive subject headings' or 'header information that is materially false or materially misleading.'" *Id.* (citations and quotations omitted).

The CAN-SPAM Act includes the following preemption provision:

**(1) In general.** This chapter supersedes any statute, regulation, or rule of a State or political subdivision of a State that expressly regulates the use of electronic mail to send commercial messages, except to the extent that any such statute, regulation, or rule prohibits *falsity or deception* in any portion of a commercial electronic mail message or information attached thereto.

**(2) State law not specific to electronic mail.** This chapter shall not be construed to preempt the applicability of—

> **(A)** State laws that are not specific to electronic mail, including State trespass, contract, or tort law; or

> **(B)** other State laws to the extent that those laws relate to acts of fraud or computer crime.

15 U.S.C. § 7707(b) (italics added).

The Ninth Circuit has interpreted the CAN-SPAM Act's preemption clause as "broadly preempt[ing] state regulation of commercial e-mail with limited, narrow exception. Congress carved out from preemption state laws that proscribe 'falsity or deception' in commercial e-mail communications." *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1061 (9th Cir. 2009).

"The preemption clause reflects one of the primary goals of the CAN-SPAM Act: to regulate commercial electronic mail 'on a nationwide basis.' (15 U.S.C. § 7701(b)(1).) As stated in the congressional findings accompanying the Act, the federal statute was intended … to implement one national standard regarding the content of commercial e-mail because 'the patchwork of state laws had proven ineffective ….'" *Rosolowski v. Guthy-Renker LLC*, 230 Cal. App. 4th 1403, 1412 (2014) (citations and quotations omitted).

The CAN-SPAM Act preempts Plaintiffs' claim that Defendant violated Section 17529.5 by sending emails with generic From Names, rather than labeling the emails with a From Name that included the Sender E-mail address. "To the extent such a content or labeling requirement may exist under state law, it is clearly subject to preemption." *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1064 (9th Cir. 2009). Indeed, the California Supreme Court has specifically stated that Section 17529.5(a)(2) was amended "to 'conform' the statute to the CAN-SPAM Act," and its preemption provision. *Kleffman*, 49 Cal. 4th at 346. Therefore, a claim like Plaintiffs' in this action, which seeks to impose requirements as to the content of the From Line in an e-mail under state

law, is necessarily preempted by the CAN-SPAM Act.

The CAN-SPAM Act also preempts the allegations that the Subject Lines of the emails were materially false and misleading. The Complaint does not identify any material misrepresentations in this regard, and, as such, even if there were any inaccuracies in the Subject Lines, which is expressly denied, they would not be material as would be necessary to avoid preemption under the CAN-SPAM Act. *See Silverstein v. Keynetics Inc.*, 192 F. Supp. 3d 1045, 1048-1049 (N.D. Cal. 2016) ("in order to satisfy the preemption exception, the false or deceptive information in a commercial email must be material"); *see also Gordon*, 575 F.3d at 1061 ("'allowing a state to attach liability to bare immaterial error in commercial e-mails would be inconsistent with the federal Act's preemption text and structure'") (citation omitted).

## V.    CONCLUSION

The Court lacks personal jurisdiction over Impulse Repair LLC. Further, Plaintiffs' claim for violation of Section 17529.5 is fatally uncertain and preempted by the CAN-SPAM Act. Accordingly, the Complaint should be dismissed.

Dated: August 4, 2021          THE INTERNET LAW GROUP

_____

Seth W. Wiener, Esq.
Attorneys for Specially-Appearing Defendant
IMPULSE REPAIR LLC